## Harley v. Commonwealth.

## Sutton v. Commonwealth.

(Decided October 5, 1926.)

### Appeals from Mercer Circuit Court.

1.  Criminal Law—In Prosecution for False Swearing, Question as to Whether Defendant Testified to Certain Facts at Certain Trial, Though Leading and Improper, Held Not Prejudicial.—In prosecution for false swearing, question as to whether defendant testi-

fied to certain facts at certain trial, though leading and improper, held not prejudicial, where witnesses went into details of such testimony on cross-examination in view of other evidence.

2. Criminal Law.—Court of Appeals will not assume that defendant was prejudiced by question which was withdrawn on objection.

3. Criminal Law.—Verdict cannot be disturbed where not palpably against evidence.

W. H. MORGAN, WILLIAM E. DOWNING and C. T. CORN for appellants.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

These two cases which were tried by consent on practically the same record and have been heard in this court together will be disposed of in one opinion.

Appellants were each indicted in the Mercer circuit court for false swearing in stating on the trial of Pytha Edwards, on the charge of violating the prohibition act, that he saw Luther Edwards carry whiskey from the turnpike near Pytha Edwards' place, and hide it there. Each of them was found guilty of false swearing and his punishment was fixed at one year in the penitentiary.

The chief ground relied on for reversal is that the court erred in allowing the commonwealth to ask leading questions. On the examination of several witnesses for the Commonwealth the following occurred:

"Q. I will ask you if after being sworn in that case, and while testifying as a witness in that case, the defendant, Harley, stated and swore that he saw Luther Wells carrying whiskey from the turnpike near Pytha Edwards' place and hide it on that place? (Objection; overruled; exception.)

"Yes, sir."

The question was improper. The witnesses should have been asked to tell what the defendant stated on the subject. But in each case on the cross-examination the witnesses stated what the defendant testified on the trial, going into the details of his statement. The defense at the trial was that the defendant did not state in his former testimony that it was Luther Wells he saw but that he thought that it was Luther Wells or took it to be Wells, but the witnesses testified that he said he was sit-

ting within 12 feet of the man and that he did not say that it looked like Luther Wells but said it was Wells. The real facts were so fully brought out that plainly no substantial prejudice to the defendants resulted from the leading question on the direct examination.

The question asked one witness as to the nature of the charge against Pytha Edwards was withdrawn when objected to and we cannot assume that the defendant was prejudiced by this.

While the evidence for each defendant sustained his version of what he swore on the former trial, the verdict of the jury is not palpably against the evidence and cannot be disturbed.

Judgment affirmed.